**ALO LUPEMATASILA WILLIAMS, Plaintiff,**

**v.**

**CARL STEFFANY and ISABEL STEFFANY, Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 10-98

August 1, 2002

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Katopau T. Ainu'u
For Defendants, Roy J.D. Hall, Jr.

### ORDER DISMISSING COMPLAINT AND DISSOLVING PRELIMINARY INJUNCTION

The parties are members of the Alo family of Fagasa. Plaintiff Alo Lupematasila Williams ("Williams") holds himself out as the *sa'o* (senior *matai*) of the Alo family and has filed suit seeking injunctive relief to enjoin the defendants Carl Steffany and Elizabeth Steffany (the "Steffanys") from certain activity, preparatory to building, on communal lands of the Alo family.

 On November 4, 1998, both parties appeared with counsel at a hearing on Williams's motion for preliminary injunction. An issue arose at the interlocutory hearing as to the Williams's status as *sa'o*, and, therefore, his standing to sue. Under A.S.C.A. § 41.1309, the *sa'o* is the only person authorized to bring injunctive actions on behalf of a Samoan family. However, we granted a preliminary injunction to maintain the status quo and exhorted the parties to talk, noting that the dispute appeared to have little, if any, to do with the Steffanys' entitlement to the land, but all to do with factional rivalry and, therefore, *pule*.

The parties however returned to court, apparently unable to resolve anything through discussion. The Steffanys filed a motion to not only dissolve the interlocutory injunction issued by the court but to also dismiss the complaint on the contention that Williams lacked § 41.1309 standing to sue in the capacity of *sa'o*. They argue that the registration of the Alo title in Williams' name was procured unlawfully, at the direction of the Attorney General, over the objection of the Registrar. The Registrar had thus initially attempted to deny Williams' registration application not satisfied as to Williams' eligibility to hold a *matai* title in American Samoa, since he was born in Western Samoa.[1] Williams

---

[1] A.S.C.A. § 1.0403(b) requires, among other things, that a claimant to a *matai* title "must have been born on American soil." This substantive requirement has been upheld, US nationality through naturalization notwithstanding, in *In re Matai Title "T'aulualo,"* 10 A.S.R.2d 116; *recons den.* 10 A.S.R.2d 155 (Land & Titles Div. 1994); *aff'd In re Matai Title "T'aulualo,"* AP No. 06-94 (App. Div. 1995). *See also In re Matai Title "Patea,"* 25 A.S.R.2d 139 (Land & Titles Div. 1994); *In re Matai Title "Mulitauaopele,"* MT No. 04-94 (Land & Titles Div. 1996).

apparently went directly to the Attorney General who intervened and demanded the Registrar to register the Alo title in Williams' name.[2]

The Steffany's argue that the Attorney General overstepped the bounds of his authority in overruling the Registrar's decision to deny Williams' *matai* registration application. Williams, on the other hand, contends that since the Registrar's office is a part of the Department of Legal Affairs, the Registrar is therefore under the competence of the Attorney General, who is the director of that department. He argues that the Attorney General as the head of the department had the authority to direct registration accordingly, notwithstanding the Registrar's contrary position on the matter.

## Discussion

■ We hold that the Attorney General had no jurisdiction to direct the registration of the *matai* title Alo in Williams' name, over the objection of the Registrar. Statutorily, the Registrar does not appear to be a part of the Department of Legal Affairs nor under the sort of supervisory authority necessarily claimed by the Attorney General. Just because the Registrar's office has, in practice, functioned administratively under the supervision of the Attorney General, it does not follow that the Attorney General may thereby assume the statutory authority specifically vested by the *Fono* in the Registrar.

Both the Department of Legal Affairs and the Territorial Registrar's office were separately created by statute, A.S.C.A. § 4.0301 and A.S.C.A. § 4.0325 respectively. Being separately created at the same level of lawmaking and within the same chapter of the code, we fail to see why the Department of Legal Affairs should therefore occupy an encompassing or more primary role to that of the Registrar, Williams's allusion to cabinet positions notwithstanding.

■ Additionally, we could not find any source, whether within the American Samoa Code Annotated or the American Samoa Administrative Code, which places the Registrar within or under the authority of the Department of Legal Affairs. Rather, the Fono has clearly proscribed the Registrar's role and duties under Title 4, Chapter 11 of the American Samoa Code Annotated, A.S.C.A. §§ 4.1101, *et seq.*, and, more specifically in the context of *matai* title registration, under

---

[2] The Registrar also alluded to other instances of intervention by the Attorney General resulting the registration of multiple holders to a single *matai* title and the addition of new titles to the register despite the mandate of A.S.C.A. § 1.0401(b) closing the *matai* register as of 1 January 1969 and prohibiting the future adding of titles not previously registered.

Title 4, Chapter 4, A.S.C.A. §§ 1.0401, *et seq.* The role is not that of mere "rubber stamp." Among other things, A.S.C.A. § 4.1104, gives the Registrar, not the Attorney General, the authority to *reject* registration attempts appearing "to be illegal or not entitled under the law to be registered, filed or recorded." In the *matai* registration process, the Registrar, and not the Attorney General, is charged with maintaining the title register, A.S.C.A. § 1.0401, and may register successors to vacant titles. *See* A.S.C.A. § 1.0405-0408. In the course of this process, the Registrar "if not satisfied with the validity of information offered in the petition," may require further information from the petitioner. A.S.C.A. § 1.0405(c). In addition, conditions the public advertisement of a succession claim upon "the territorial registrar [being first] satisfied [that] the claim, certificate, and petition are in proper form." A.S.C.A. § 1.0406. There is no mention of the Attorney General in either chapter 11 or chapter 4 of Title 4.

■ Furthermore, the statutory scheme clearly intends for disputes regarding *matai* registration to proceed directly from the Registrar to the High Court. A.S.C.A. § 4.1106 unambiguously provides that anyone taking issue with a decision of the Registrar can at any time apply to the High Court for "redress." In addition, § 4.1106 also states that "the Registrar . . . may at any time, apply to the High Court for direction." Likewise, with the *matai* registration process, A.S.C.A. § 1.0409 provides that "[t]he High Court shall hear and determine any disputed claim." Thus, when the Attorney General unilaterally asserted jurisdiction and ordered registration in this case, he intruded on the court's statutorily mandated authority to resolve the dispute. Such action is an impermissible extension of executive power in derogation of not only the court's judicial function but the legislature's law making function as well.

■ *Matai* titles are regulated by law. A.S.C.A. §§ 1.0401-0414; *In re Matai Title "Mulitauaopele,"* MT No. 04-94 (Land & Titles Div. Feb. 6, 1996). The registration of the Alo title in Williams' name was not in accordance with law. "[A]ny matai title bestowed on any person contrary to the provisions of [chapter 4] *may not in any way be recognized.*" A.S.C.A. ' 1.0413 (emphasis added). We accordingly conclude that Williams does not have § 41.1309 standing to sue in the capacity of *sa'o.*

### Order

For reasons given, we grant the motion to dismiss and dissolve the interlocutory injunction heretofore entered.

It is so ordered.